IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

**ERIKA M. REEL,**

    **Petitioner,**

v.                                         **Case No. 1:16-cv-01363**
                                               **Case No. 1:16-cv-05883**

**WARDEN, FPC ALDERSON,**

    **Respondent.**

**PROPOSED FINDINGS AND RECOMMENDATIONS**

On February 8, 2016 and June 30, 2016, Petitioner Erika M. Reel ("Reel"), proceeding *pro se*, filed Petitions for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 in the above-styled civil actions. (ECF No. 2). These matters are assigned to the Honorable David A. Faber, United States District Judge, and by Standing Order have been referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). Having fully considered the issues and arguments, the undersigned **FINDS** that because Reel was recently transferred to a Residential Reentry Center ("RRC"), her petitions are now moot. Therefore, the undersigned respectfully **RECOMMENDS** that the presiding District Judge **DENY** the Petitions for a Writ of Habeas Corpus, **DISMISS** both civil actions, and remove them from the docket of the court.

**I.**    **Relevant History**

At the time Reel filed the instant petitions, she was incarcerated at the Federal Prison Camp ("FPC") in Alderson, West Virginia. In her first petition, Reel complained

about her housing at the FPC, arguing that she had been placed in the "lowest preferred housing" simply because she did not participate in the Inmate Financial Responsibility Program. Reel asserted that her bed was moved to the "bus stop," a location in the FPC that allegedly forced her to sleep underneath a twenty-four-hour fluorescent light. Reel claimed that the bed location exacerbated her symptoms of menopause and anemia. She asked the court to "decide (1) if 'punishment' for non-participation in Inmate Financial Responsibility Program supercedes [*sic*] housing to accommodate medical conditions [and] (2) if 'changes in housing' due to an inmate being found guilty of violating a prohibited act is equivalent, less than, or greater than 'lowest preferred housing' when you don't participate in IFRP." (*See Reel v. Warden,* 1:16-cv-01363, at ECF No. 2).

In the second petition, Reel contended that the FPC was not providing her with adequate mental health treatment, and her RRC recommendation of 1-90 days did not sufficiently address her need for mental health care prior to discharge of her sentence. Reel asked the court to require FPC Alderson to give her 121-150 days in RRC placement, or in the alternative, instruct FPC Alderson to provide her with "mental health treatment by a licensed clinical professional until the date [she is] transferred to a RRC facility." (*See Reel v. Warden,* 1:16-cv-05883, at ECF No. 2).

In both cases, Reel paid the requisite filing fee, and the undersigned ordered the Respondent to show cause why the relief requested by Reel should not be granted. With respect to Reel's complaints regarding her housing, Respondent filed a response seeking dismissal of the petition on the grounds that (1) Reel failed to exhaust administrative remedies; (2) she had no constitutional or civil right to a particular housing assignment; and (3) the Bureau of Prisons' response to Reel's refusal to participate in the Inmate Financial Responsibility Program was a valid exercise of its authority. In regard to the

2

petition seeking mental health treatment and a longer period of RRC placement, Respondent asserted that dismissal of the petition was appropriate because (1) Reel had again failed to exhaust her administrative remedies; (2) Reel's prison unit team considered all of the requisite factors in arriving at her RRC recommendation; and (3) Reel's claims related to mental health care were not cognizable under 28 U.S.C. § 2241.[1]

Reel was given an opportunity in both actions to file a reply to Respondent's arguments. However, she did not reply to either request for dismissal. Respondent advised the court that Reel was scheduled for release to a RRC on September 27, 2016. Consequently, the undersigned checked the Bureau of Prisons inmate locator and confirmed that Reel was indeed released to a RRC managed by the Baltimore Residential Reentry Management Field Office.[2] Reel is scheduled for release from custody on December 23, 2016.

## II. Discussion

"To be justiciable under Article III of the Constitution, a conflict between litigants must present a 'case or controversy' both at the time the action is filed and at the time it is decided. If intervening factual ... events effectively dispel the case or controversy during pendency of the suit, the federal courts are powerless to decide the questions presented." *Ross v. Reed,* 719 F.2d. 689, 693-94 (4th Cir. 1983); *see also Arizonans for Official*

---

[1] Respondent accurately notes that claims related to the conditions of confinement are not cognizable in a petition for a writ of habeas corpus. *See, e.g., Crooker v. Stewart*, No. CIV.A. ELH-14-1972, 2015 WL 1210209, at *3 (D. Md. Mar. 13, 2015) (quoting *Hawkins v. Perdue,* 2014 WL 1962216 at *2 (N.D.W.Va. May 15, 2014) (holding challenges to the conditions of confinement are not cognizable under § 2241, but instead must be pursued through a *Bivens* action and finding district courts within the Fourth Circuit have demonstrated "a consistent reluctance to permit prisoners challenging the conditions of their confinement to proceed under § 2241")). However, given that Reel's claims are moot regardless of the legal vehicle through which they are asserted, only the mootness issue will be addressed in this PF&R.

[2] See www.bop.gov/inmateloc/.

3

*English v. Arizona,* 520 U.S. 43, 68, 117 S.Ct. 1055, 137 L.Ed.2d 170 (1997) ("The requisite personal interest that must exist at the commencement of the litigation ... must continue throughout its existence") (citations omitted). "A habeas petition becomes moot when a petitioner's claim for relief can no longer be redressed by a favorable decision of the court." *Rodriquez-Puente v. Feather,* No. 3:14-cv-01939, 2015 WL 3514173, at *2 (D. Or. June 4, 2015) (*citing Iron Arrow Honor Soc'y v. Heckler,* 464 U.S. 67, 70, 104 S.Ct. 373, 78 L.Ed. 2d 58 (1983)); *also Powell v. McCormack,* 395 U.S. 486, 496, 89 S.Ct. 1944, 23 L.Ed.2d 491 (1969) ("Simply stated, a case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome.")

In addition, claims that challenge the conditions of confinement become moot when the inmate leaves the facility. "[A]s a general rule, a prisoner's transfer or release from a particular prison moots his claims for injunctive and declaratory relief with respect to his incarceration there." *Rendelman v. Rouse,* 569 F.3d 182, 186 (4th Cir. 2009). "The reasons for finding mootness in such a context are clear. Once an inmate is removed from the environment in which he is subjected to the challenged policy or practice, absent a claim for damages, he no longer has a legally cognizable interest in a judicial decision on the merits of his claim." *Incumaa v. Ozmint*, 507 F.3d 281, 287 (4th Cir. 2007). "Any declaratory or injunctive relief ordered in the inmate's favor in such situations would have no practical impact on the inmate's rights and would not redress in any way the injury he originally asserted." *Incumaa*, 507 F.3d at 287.

Nonetheless, there are two exceptions to the mootness doctrine. *Leonard,* 804 F.2d at 842. First, under the "collateral consequences" exception, a habeas petition is not rendered moot after a petitioner is released from custody where the petitioner is challenging her conviction, and the conviction results in collateral consequences that

4

continue after expiration of the sentence. *Id.* (citing *Carafas v. LaVallee,* 391 U.S. 234, 88 S.Ct. 1556, 20 L.Ed.2d 554 (1968)). For example:

> [w]here the criminal conviction ... results in the continued denial of important civil rights, such as the right-to-vote or the right to be considered for jury duty, the claim for habeas relief will remain a live controversy even after the prisoner has been released from custody. Similarly, where the criminal conviction may result in an enhanced sentence should the petitioner later be convicted of another crime, h[is] stake in habeas relief permits the court to exercise its judicial freedom long after [ ] he has been freed.

*Broughton v. State of N.C.,* 717 F.2d 147, 148-49 (4th Cir. 1983) (internal citations omitted).

Second, the "capable of repetition, yet evading review" exception prevents a petition from becoming moot when two elements are present: (a) the challenged action is too short in duration to be fully litigated before it ceases or expires, and (b) there is a reasonable expectation that the same petitioner will be subjected to the same wrongful action again. *Leonard,* 804 F.2d at 842 (citing *Weinstein v. Bradford,* 423 U.S. 147, 149, 96 S.Ct. 347, 46 L.Ed.2d 350 (1975)). Under this exception, a claim that would otherwise be moot may be subject to judicial review if the facts of the case lead to a reasonable expectation that the "same complaining party would be subjected to the same action again." *Lane v. Williams,* 455 U.S. 624, 634 (1982) (citing *Weinstein v. Bradford,* 423 U.S. 147, 149 (1975)); *Federal Election Commission v. Wis. Right to Life*, 551 U.S. 449 (2007) ("capable of repetition" exception requires demonstrated probability that the same controversy will recur involving the same plaintiff). To successfully support this exception, the plaintiff must make a satisfactory showing "that he will again be subject to the alleged illegality." Mere conjecture that the plaintiff may return to a prison facility and again face the alleged wrong is not sufficient to meet the mootness exception. *Higgason*

*v. Farley,* 83 F.3d 807, 810 (7th Cir. 1996).

In this case, Reel's challenges to the conditions of her confinement at FPC Alderson are moot because she is no longer housed at that facility, and she made no claim for money damages. Her allegations concerning RRC placement are likewise moot, because she has been released to a RRC. Indeed, to the extent that she has been transferred to a RRC, Reel has received the very relief she requested from the court.

Moreover, neither exception to the mootness doctrine applies to Reel's petitions. Reel did not challenge her conviction; rather, she challenged the FPC's recommendation regarding her release to a RRC. Where a petitioner elects only to challenge the execution of her sentence and not the validity of the conviction, collateral consequences are irrelevant. *Lane v. Williams,* 455 U.S. 624, 631, 102 S.Ct. 1322, 71 L.Ed.2d 508 (1982). Similarly, the capable of repetition, yet evading review exception is inapplicable, because Reel offers no evidence or argument to suggest that she is slated to return to FPC Alderson. Consequently, there is no reasonable probability that Reel will face the same alleged wrongs at the same institution. For these reasons, the undersigned **FINDS** that (1) Petitioner's transfer to a RRC renders her petitions for habeas corpus relief moot and (2) neither exception to the mootness doctrine applies in her cases.

### III. Proposal and Recommendations

For the reasons stated, the undersigned respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that:

1. Petitioner's Petition for a Writ of Habeas Corpus in each of the above-styled cases, (ECF No. 2 in each case), be **DENIED**, as they are moot; and
2. These cases be **DISMISSED** and removed from the court's docket.

Petitioner is notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable David A. Faber, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, Petitioner shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing party, Judge Faber and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to Petitioner, Respondent, and counsel of record in both cases.

**FILED:** October 11, 2016

Cheryl A. Eifert
United States Magistrate Judge